UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Government Employees Insurance Company as subrogee of Raisul Islam,<br><br>Plaintiff,<br><br>v.<br><br>United States of America,<br><br>Defendant. | Civil Action No.:<br><br>**COMPLAINT** |

Plaintiff, Government Employees Insurance Company as subrogee of Raisul Islam, by way of Complaint against Defendant, United States of America, alleges as follows:

### PARTIES

1. Plaintiff, Government Employees Insurance Company as subrogee of Raisul Islam ("Plaintiff") is a corporation formed under the laws of the State of Virginia that does business at 1 GEICO Boulevard, Fredericksburg, Virginia 22412.

2. Plaintiff is in the business of automobile insurance.

3. Plaintiff's insured Raisul Islam ("Plaintiff's insured") is an individual residing at 8515 167th Street, #1, Jamaica, New York 11432.

4. Plaintiff's insured was, at all times relevant hereto, the insured under a certain Government Employees Insurance Company policy.

5. The claims herein are brought against United States of America.

6. The claims herein arise out of a motor vehicle accident involving the vehicles respectively operated by Plaintiff's insured and an employee of the United States Government, Department of Veterans Affairs.

7. The United States Government, Department of Veterans Affairs is an agency

of the United States of America which by and through its agents, servants, workmen, employees and/or other representatives, acted on behalf of Defendant, United States of America, with the full knowledge, consent and authority of Defendant, United States of America.

## JURISDICTION AND VENUE

8. Jurisdiction over the United States of America in this case is founded upon the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1).

9. The claims here are brought against the United States of America for money damages as compensation for loss of property on June 20, 2018 that was caused by the negligent and wrongful acts and omissions of employees of the United States Government while acting within the scope of their office of employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of New York.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(2) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Southern District of New York.

11. An original SF-95 Claim Form was sent to the U.S. Department of Veterans Affairs on October 6, 2018. A true copy of the claim is attached hereto as **Exhibit A**.

12. Plaintiff's claim was formally denied by the U.S. Department of Veterans Affairs by letter dated February 11, 2020. A true copy of the denial is attached hereto as **Exhibit B.**

13. On or about May 15, 2020, Plaintiff submitted a formal request for reconsideration of the final denial of claim to the U.S. Department of Veterans Affairs. A

true copy of the request is attached hereto as **Exhibit C**.

14.     Less than six (6) months had expired since the date of the February 11, 2020 denial, making the request for reconsideration timely.

15.     Plaintiff's request for reconsideration was formally denied by the U.S. Department of Veterans Affairs by letter dated January 15, 2021. A true copy of the denial is attached hereto as **Exhibit D**.

16.     Less than six (6) months has expired since the January 15, 2021 denial, making institution of this lawsuit timely.

## ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

17.     At all times relevant hereto, Plaintiff's insured owned a 2016 Toyota Rav 4 ("the vehicle of Plaintiff's insured").

18.     On or about June 20, 2018, Plaintiff's insured was operating the aforementioned vehicle while traveling on Broadway and attempting to make a right turn onto Reade Street, in New York, New York.

19.     At the same aforementioned time and place, Annmelissa Harvey was operating a U.S. Department of Veterans Affairs vehicle (hereinafter "Defendant's vehicle") while double-parked in a bus lane and/or a lane closed for use of commercial vehicles on Broadway, at or near the aforementioned intersection.

20.     Upon information and belief, at all times relevant hereto, Annmelissa Harvey was an employee of the United States Department of Veterans Affairs, an Agency of Defendant, United States of America.

21.     At the same aforementioned time and place, Annmelissa Harvey operated said vehicle in such an, including, but not limited to, reckless, careless, willful and wanton and/or negligent manner, so as to improperly pull out from her double-parked position

and/or fail to pay proper attention while so proceeding, thereby causing damage to the vehicle of Plaintiff's insured.

22. As a result of Defendant's actions and/or omissions, the vehicle of Plaintiff's insured sustained property damage.

23. As a result of Defendant's actions and/or omissions, Plaintiff paid property damage claims totaling $3,302.52.

## **TORTIOUS CONDUCT**

24. Plaintiff repeats each and every preceding paragraph of the Complaint as if set forth at length herein.

25. Defendant owed a duty of reasonable care to Plaintiff's insured.

26. Defendant breached said duty by recklessly, carelessly, willfully and wantonly and/or negligently failing to pay attention and strike the vehicle of Plaintiff's insured.

## **REMEDY**

27. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Money damages in the amount of $3,302.52.

B. Such other relief as the Court might deem just and equitable.

Dated: June 11, 2021

Law Offices of Jan Meyer & Associates, P.C.

*[signature]*

_____

Richard L. Elem, Esq.
Attorney for Plaintiff(s)
1029 Teaneck Road, Second Floor
Teaneck, New Jersey 07666
(201) 862-9500
**Maintains a New York Office At:**
424 Madison Avenue, 16th Floor, New York, NY 10017
*Kindly correspond with our NJ office.*
File Number:0568007000101021